IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES EX REL SOLLOG IMMANUEL ADONAI-ADONI | : : | CIVIL ACTION |
| v. | : : | |
| LEON KING II, et. al. | : | NO. 06-cv-4909 |

FILED
MAY 17 2007
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. If such a writ of habeas corpus is issued by a federal court, the prisoner will be released from either state custody or federal custody (as the case may be) on the grounds that his rights guaranteed by the United States Constitution have been violated; habeas corpus motions pursuant to AEDPA are the **only** possible means of obtaining this type of relief from custody. Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Okereke v. United States, 307 F.3d 117 (3rd Cir. 2003); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001); United States v. Dorsainvil, 119 F.3d 245 (3rd Cir. 1997).

By means of AEDPA, Congress provided that in the context of a petitioner who is in state custody, a writ of habeas corpus may issue pursuant to 28 U.S.C. §2254 for **constitutional** attacks on the imposition, **or** the execution, of a state conviction and/or a state sentence. Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001). Attacks on the Constitutionality of a denial of state-related parole are considered to be attacks on the execution of a state conviction and/or a state

1

sentence, and are cognizable only under 28 U.S.C. §2254, and not under 28 U.S.C. §2241. Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

By means of AEDPA, Congress also intentionally created a series of **intentionally restrictive gate-keeping conditions** which must be satisfied for a prisoner to prevail in his petition seeking the issuance of a writ of habeas corpus. One such intentionally restrictive gate-keeping condition is AEDPA's **strict and short statute of limitations**, created by 28 U.S.C. §2244(d). Another one of these intentionally restrictive gate-keeping conditions is AEDPA's **"second or successive rule,"** created by 28 U.S.C. §2244(d), which generally forbids a litigant from filing a 28 U.S.C. §2254 habeas if that litigant had a prior 28 U.S.C. §2254 habeas (attacking the same state conviction and/or sentence) which was dismissed with prejudice.[1]

On November 3, 2006, petitioner filed a petition in this court, labeled 06-cv-4909 by the Clerk of this Court, purportedly seeking Habeas Corpus relief pursuant to 28 U.S.C. §2241. In this petition, he raises two claims that allegedly justifies such relief, namely:

1. The Pennsylvania state parole board allegedly made a negligent mistake in calculating his eligibility for parole; and

2. He has allegedly been denied access to the courts because of a vast alleged conspiracy by state actors.

The first claim is non-constitutional in nature and is therefore seeking relief that is available by means of 28 U.S.C. §2241. The second claim is clearly a claim that the

---

[1] The AEDPA "second or successive rule" applies to 28 U.S.C. §2254 petitions. The AEDPA "second or successive rule" does not apply to 28 U.S.C. §2241 petitions. Zayas v. INS, 311 F.3d 247 (3rd Cir. 2002).

rights guaranteed to petitioner by the Fifth and Fourteenth Amendments to the United States Constitution have been violated; claim two of this petition therefore seeks the type of relief that is only available pursuant to 28 U.S.C. §2254.  Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

If one single petition raises both §2241 claims and §2254 claims, it is this court's practice to treat the petition as a whole as a §2254 matter; this court is therefore of the view that 06-cv-4909, which petitioner filed as a §2241 petition, must be re-characterized as a §2254 petition.  This is a crucial distinction, as the second or successive rule of AEDPA does not apply to §2241 petitions.  Zayas v. INS, 311 F.3d 247 (3rd Cir. 2002).  The fact that relief pursuant to 28 U.S.C. §2254 may possibly be barred pursuant to AEDPA's second or successive rule does not mean that an alternate route to this type of relief is available pursuant to 28 U.S.C. §2241.  The fact that relief pursuant to 28 U.S.C. §2254 may possibly be barred pursuant to AEDPA's statute of limitations does not mean that an alternate route to this type of relief is available pursuant to 28 U.S.C. §2241.[2]

Pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), this court may not re-characterize a document as a 28 U.S.C. §2254 petition without first:

1. notifying the petitioner that the court believes it is really a §2254 petition purporting to be something else; **and**,

---

[2]Petitioner is also alleging that he is actually innocent, but whereas he does not base this argument upon any allegedly newly discovered evidence, relief from AEDPA's restrictive gate-keeping conditions is not available pursuant to 28 U.S.C. §2244(b)(2) and 28 U.S.C. §2244(d)(1)(D). Considering that the petitioner has been convicted of a crime, the trial court's findings of fact are presumptively correct, and the factual situation involved in any habeas corpus proceeding must be viewed in the light most favorable to the prosecution. Riley v. Taylor, 277 F.3d 261 (3rd Cir. 2001).

3

2.  warning the petitioner of all of the ramifications of AEDPA (including, but not limited to, the AEDPA statute of limitations, as well as the second or successive rule created by AEDPA); **_and_**,

3.  getting permission from the prisoner to re-characterize the petition as a 28 U.S.C. §2254 petition; **_and_**,

4.  informing the petitioner that he also has the option to voluntarily withdraw his submission.

Assuming that petitioner consents to the aforesaid re-characterization, then pursuant to Local Civil Rule 9.3(b), and Rule 2 of the Rules Governing 28 U.S.C. §2254 Proceedings in the United States District Courts, this petition was not filed with the requisite <u>current</u> standard 28 U.S.C. §2254 form, prescribed by this court, effective December 1, 2004. Aside from the dictate of the aforesaid rules of court, use of this court's current standard form in 28 U.S.C. §2254 habeas cases is necessary so as to guarantee that the defendant is made aware of the specific warnings required from this district court at the commencement of any 28 U.S.C. §2254 habeas case pursuant to <u>USA v. Thomas</u>, 221 F.3d 430 (3rd Cir. 2000) (which relates to the _strict_ and _short_ statute of limitations that exists for filing a 28 U.S.C. §2254 petition); and <u>Mason v. Meyers</u>, 208 F.3d 414 (3rd Cir. 2000) (which relates to the _strict_ restrictions on filing a second or successive 28 U.S.C. §2254 petition) (these specific <u>Thomas</u> and <u>Mason</u> warnings are contained in the introductory text of this court's aforesaid current standard §2254 form). Whereas all district courts within the Third Circuit are required to give petitioners in §2254 cases these <u>Thomas</u> and <u>Mason</u> warnings at the time of filing, that this court cannot "waive" the form requirements of Local Civil Rule 9.3(b).

Accordingly, this _16_ Day of May, 2007, it is hereby **ORDERED** as follows:

1. The Clerk of Court shall furnish petitioner with a blank copy of this court's current standard form for filing a petition pursuant to 28 U.S.C. §2254 (bearing the above-captioned civil action number).

2. Petitioner shall notify this court within thirty (30) days whether he consents to the reclassification of 06-cv-4909 as a 28 U.S.C. §2254 petition, and, that if he does consent to such reclassification, he shall complete the enclosed 28 U.S.C. §2254 form and return it to this court.

3. Petitioner is formally placed on notice that if he insists that 06-cv-4909 proceed as a 28 U.S.C. §2241 petition, that 06-cv-4909 shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. §2241.

4. Petitioner is formally placed on notice that if he does not respond to this Order within thirty (30) days, that 06-cv-4909 shall be dismissed without prejudice for seeking relief that is not available pursuant to 28 U.S.C. §2241.

_____
LOUIS H. POLLAK, U.S. District Judge